1  MORRIS PETERSON
   Steve Morris, Bar No. 1543
2  Rex D. Garner, Bar No. 9401
   900 Bank of America Plaza
3  300 South Fourth Street
   Las Vegas, NV 89101
4  Telephone: (702) 474 9400
   Facsimile:  (702) 474-9422
5
6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

10 FASTENERS FOR RETAIL, INC.,          )   CASE NO:
                                        )
11                                      )
                                        )
12           Plaintiff,                 )
                                        )
13 v.                                   )
                                        )   **VERIFIED COMPLAINT**
14 NINGBO LIUHE PLASTICS CO. LTD.       )
   and NINGBO ZHENHAI LIUHE             )
15 PLASTICS CO. LTD.,                   )
                                        )
16           Defendants.                )
                                        )
17 ─────────────────────────────────── )

18         This lawsuit is brought by Fasteners for Retail, Inc. ("FFR") against

19 Ningbo Liuhe Plastics Co. Ltd. and Ningbo Zhenhai Liuhe Plastics Co. Ltd.

20 ("Ningbo") for Ningbo's intentional infringement of the intellectual property of

21 FFR.  Ningbo is a Chinese company.  It plans on coming to Las Vegas to sell its

22 products at the GlobalShop 2010 Tradeshow on March 10-12, 2010 and then leave.

23 However, the products in Ningbo's catalog and that it intends to sell here are

24 largely based on FFR's intellectual property.  Ningbo's products infringe FFR

25 patents, infringe a trademark registered by FFR, and are based on

26 misappropriation of FFR's trade secrets obtained when Ningbo manufactured

27 some of these same products for FFR.  In addition, Ningbo's catalog contains

28 photographs of products blatantly copied from FFR's own, copyrighted, catalog.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

FFR seeks to enjoin Ningbo from selling the infringing products at the trade show and from distributing the catalog.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this matter pursuant to the patent laws of the United States, Title 35 of the United States Code, the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, the Copyright Act of 1976, 17 U.S.C. § 501 ("the Copyright Law"), 28 U.S.C. §§ 1331 and 1338(a) and (b).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## PARTIES

3.      Plaintiff Fasteners for Retail, Inc. ("FFR") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business and residency in Twinsburg, Ohio.  FFR is in the business of selling a variety of products used in retail environments, including sign holders, merchandising systems, literature holders, shelf-edge labeling systems, display hardware and components, ceiling display systems, banner hangers, and a variety of product merchandisers including merchandising strips and display hooks.

4.      Defendant Ningbo Liuhe Plastics Co. Ltd. ("Ningbo Liuhe") is a Chinese company with its principal place of business and residency at Yanjiang Village, Zhenhai Jiaochuan Street, Ningbo, China.

5.      Defendant Ningbo Zhenhai Liuhe Plastics Co. Ltd. ("Ningbo Zhenhai") is a Chinese company with its principal place of business and residency at Yanjiang Village, Zhenhai Jiaochuan Street, Ningbo, China.

6.      On information and belief, Ningbo Zhenhai is either a DBA or a successor corporation to Ningbo Liuhe.  (Ningbo Zhenhai and Ningbo Liuhe are collectively referred to herein as "Ningbo.")

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

7.     Ningbo does or intends to do business in the State of Nevada and in this judicial district.  Ningbo has contracted to attend the GlobalShop 2010 conference in Las Vegas, Nevada from March 10-12, 2010.

## FACTUAL BACKGROUND

8.     In April 2004, FFR contracted with Ningbo for the manufacture of certain retail items developed by FFR.  Those items included label holders, ceiling display systems, data strips and sign boards.

9.     In order to allow Ningbo to manufacture FFR's products, FFR disclosed confidential information about the manufacture of those products.  FFR developed those products at substantial expense, and has protected the confidentiality of that information from disclosure.  To protect that information from further disclosure, FFR required Ningbo to agree in writing to keep FFR's information confidential.

10.     FFR and Ningbo severed their business relationship in June 2007.  Ningbo agreed to return all of FFR's confidential information.

11.     Ningbo has recently released a new catalog.  That catalog shows that most of Ningbo's current product lines are based upon, and infringe, FFR's intellectual property.

12.     Ningbo is now promoting these lines of products.  As further described below, Ningbo's "label holder" are based on Ningbo's misappropriation and use of FFR's trade secrets, infringe FFR's patents, and are marketed using photos from FFR's own catalog that are subject to copyright protection.

13.     Ningbo's "ceiling display systems" infringe four published FFR patents.

14.     Ningbo's "data strip" line of products are also based on FFR trade secrets or infringe FFR patents.  In addition, all of Ningbo's "data strip" products violate FFR's trademark rights – as FFR registered the term "Data Strip" with the United States Patent and Trademark Office in 1995.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

15.    Ningbo is registered to exhibit its products at the GlobalShop 2010 conference in Las Vegas, Nevada on March 10 through March 12, 2010.  On the website maintained for conference attendees, Ningbo lists its business as "specializing in the manufacturing of plastic extrusions for supermarket and other retail areas."  Ningbo further states that its "main products are:  Price label holder, sign holder for shelf, and Sign board."

16.    Ningbo intends to market its infringing products to retailers and other customers at the GlobalShop 2010 conference.

17.    FFR is also registered to exhibit its products at the GlobalShop conference in Las Vegas.

18.    Because Ningbo has misappropriated FFR's trade secrets and copied its products, Ningbo and FFR's products are nearly identical.  The products are marketed and used in identical markets and by the same types of customers.

19.    Because the products marketed by FFR and Ningbo are inexpensive, consumers are not likely to exercise a great degree of care in determining whether the products are from the same source, so the risk of confusion is great.

**A.    Ningbo's Products Infringe Six FFR Patents.**

20.    FFR is the owner, by assignment, of U.S. Design Patent D454,918 (the "918 Patent"), entitled "Upright Sign Holder."  The 918 Patent was duly and legally issued by the United States Patent and Trademark Office on March 26, 2002 upon an application filed in the name of Stephen D. Wamsley and Paul A. Mueller.  The 918 Patent is a design patent for the ornamental design of an upright sign holder.  A true copy of the text and drawing of the 918 Patent is attached hereto as Exhibit A.

21.    Since at least 2001, FFR has marketed and sold sign holders reflecting the ornamental design embodied in the 918 Patent.  FFR has sold and

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

continues to sell these sign holders. A depiction of an FFR product from an FFR catalog reflecting FFR's use of the 918 Patent is included below.

22.    FFR expended substantial time, effort and money in conceiving, developing, advertising, promoting and marketing the upright sign holder reflected in the 918 Patent, including its distinct base. FFR's efforts have been successful, and FFR has sold a substantial number of sign holders utilizing the design reflected in the 918 Patent.

23.    Ningbo markets a product called a "Price label holder" – designated as product number LHR004 in Ningbo's current catalog. That product is virtually identical to the FFR product that utilizes the design reflected in the 918 Patent. A photograph taken from the Ningbo catalog showing its product number LHR004 is included below on the left, together with a drawing from the 918 Patent on the right.



uct name: **Price label holder**
er: **LHR004**



FIG.1

24.    FFR is also the owner, by assignment, of U.S. Patent 6,698,124 (the "124 Patent"), entitled "Sign Holder With Hinge." The 124 Patent was duly and legally issued by the United States Patent and Trademark Office on March 2, 2004 upon an application filed in the name of Daniel J. Kump, Paul A. Mueller and Stephen D. Wamsley.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

25.     Ningbo's LHR004 product also infringes one or more claims stated in the 124 Patent.

26.     FFR is the owner, by assignment, of U.S. Design Patent D423,592 (the "592 Patent"), entitled "Banner Hanger." The 592 Patent was duly and legally issued by the United States Patent and Trademark Office on April 25, 2000 upon an application filed in the name of Stephen D. Wamsley. The 592 Patent is a design patent for the ornamental design of a banner hanger. A true copy of the text and drawing of the 592 Patent is attached hereto as Exhibit B.

27.     FFR is the owner, by assignment, of U.S. Design Patent D397,366 (the "366 Patent"), entitled "Banner Hanger." The 366 Patent was duly and legally issued by the United States Patent and Trademark Office on August 25, 1998 upon an application filed in the name of Stephen D. Wamsley. The 366 Patent is a design patent for the ornamental design of a banner hanger. A true copy of the text and drawing of the 366 Patent is attached hereto as Exhibit C.

28.     Since at least 1997, FFR has marketed and sold sign holders reflecting the ornamental designs embodied in the 592 and 366 Patents. FFR has sold and continues to sell these banner hangers.

29.     FFR expended substantial time, effort and money in conceiving, developing, advertising, promoting and marketing the banner hangers reflected in the 592 and 366 Patents. FFR's efforts have been successful, and FFR has sold a substantial number of banner hangers utilizing the designs reflected in the 592 and 366 patents.

30.     Ningbo markets products called "Ceiling display systems" – designated as product number LHX001 in Ningbo's current catalog. Those products are virtually identical to the FFR products that utilize the design reflected in the 592 and 366 patents. Photographs taken from the Ningbo catalog showing its product number LHX001 are included below on the left, together with drawings from the 592 and 366 Patents on the right.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

U.S. Patent    Apr. 25, 2000    Sheet 1 of 3    Des. 423,592

FIG. 1

U.S. Patent    Aug. 25, 1998    Sheet 1 of 2    Des. 397,366

FIG. 1

产品名称 价格悬挂条
编    号 LHX001

31.     FFR is the owner, by assignment, of U.S. Design Patent D573,
656 (the "656 Patent"), entitled "Clipon Label Holder."  The 656 Patent was duly
and legally issued by the United States Patent and Trademark Office on July 22,
2008 upon an application filed in the name of Stephen D. Wamsley.  The 656
Patent is a design patent for the ornamental design of a clipon label holder.  A true
copy of the text and drawing of the 656 Patent is attached hereto as Exhibit D.

32.     FFR expended substantial time, effort and money in conceiving,
developing, advertising, promoting and marketing the banner hangers reflected in
the 656 Patent.

MORRIS PETERSON
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

7

33.    Ningbo markets products called "Price data strips" – designated as product number LHB014 in Ningbo's current catalog.  That product is virtually identical to the FFR design reflected in the 656 patents.  A photograph taken from the Ningbo catalog showing its product number LHB014 is included below on the left, together with a drawing from 656 Patent on the right.





34.    FFR is also the owner, by assignment, of U.S. Patent 6,026,603 (the "603 Patent"), entitled "Label Holder with Rearward Extending Dust Flange."  The 603 Patent was duly and legally issued by the United States Patent and Trademark Office on February 22, 2000 upon an application filed in the name of Daniel J. Kump and Paul A. Mueller.  A true copy of the text and drawing of the 603 Patent is attached hereto as Exhibit E.

35.    FFR expended substantial time, effort and money in conceiving, developing, advertising, promoting and marketing the banner hangers reflected in the 603 Patent.  FFR's efforts have been successful, and FFR has sold a substantial number of label holders utilizing the design reflected in the 603 Patent.

36.    Ningbo markets products called "Price data strips" – designated as product number LHB011 in Ningbo's current catalog.  That product is virtually identical to the FFR products that utilize the 603 Patent.  A photograph taken from the Ningbo catalog showing its product number LHB011 are included below on the left, together with a drawings from the 603 Patent on the right.

MORRIS PETERSON
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

8





产品名称 **价格标签**
编    号 LHB011
Product name: Price data strip
Number: LHB011

U.S. Patent    Feb. 22, 2000    Sheet 1 of 4    6,026,603



37.    Ningbo's LHB011 product infringes one or more claims of the 603 Patent.

**B.    Ningbo's Products and Catalog Infringe FFR's Registered Trademark "Data Strip."**

38.    FFR is the owner of the registered trademark for the term "Data Strip" (the Mark") for sign holders through registration number 1,911,437, granted August 15, 1995.  A copy of FFR's registration is attached as Exhibit F.

39.    FFR has used the "Data Strip" Mark in commerce since 1994 and continues the Mark to market FFR products.

40.    Ningbo markets a line of products that infringe FFR's trademark rights.  Twenty-eight Ningbo products, numbers LHR001 through LHR028, are all named "Data Strip" in Ningbo marketing materials, including Ningbo's catalog.  A true and correct copy of Ningbo's catalog is attached as Exhibit G.

**C.    Ningbo's Catalog Infringes FFR's Copyrights.**

41.    Ningbo markets its product numbers LHR004, LHB011, LHB012 and LHG001 using photographs blatantly copied from the FFR catalog.

42.    FFR has made, and continues to make, a substantial investment of time, effort and expense in the design, development, testing, manufacturing, and marketing of its products using catalogs, including the development and use of photographs in its catalogs.  In the depiction below, the photograph on the left is taken from the Ningbo catalog, and the photograph on the right is from an FFR

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

9

catalog.  The photographs are identical except that Ningbo's catalog crops the
right side of the photos.










MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

10

 

43.     The FFR catalogs contain wholly original materials constituting copyrightable subject matter under the Copyright Law.  The photographs depicted in the FFR catalog were taken by FFR personnel, and are owned by FFR.

44.     Prior to filing suit, FFR filed copyright registration applications for each of the four photographs that Ningbo copied from FFR's catalog.  True and correct copies of receipts confirming FFR's registration applications are attached as Group Exhibit H hereto.

45.     Ningbo's product numbers LHR004, LHB011, LHB012 and LHG001 and FFR's products shown in the photographs above are sold to the same retail customers.  For example, Ningbo has attempted to sell its products to Wal-Mart, an existing FFR customer.

46.     Ningbo is now attempting to sell its products at the GlobalShop 2010 conference to a number of retail customers, who are likely to be confused by the virtually identical products sold by FFR and Ningbo.

**D.     Ningbo Has Misappropriated FFR's Trade Secrets.**

47.     Two lines of Ningbo's products – constituting more than 17 separate products – were manufactured through Ningbo's misappropriation of FFR's technology.  Those products also reflect Ningbo's misappropriation of FFR trade secrets.

48.     In order to allow Ningbo to manufacture products for sale by FFR, FFR disclosed secret and valuable information regarding its products.  That

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

11

information includes specific requirements for the types of materials to be used in the manufacture of such products, the density and flexibility of such materials, and the manufacturing process to be employed in the manufacture of those products.

49.     If Ningbo did not have access to FFR's trade secrets, Ningbo could not have produced the following products:  LHR001, LHR002, LHR 003, LHR 005, LHR 006, LHR 008, LHR 009, LHG 001, LHG 003, LHG 004, LHB 001, LHB 002, LHB 007, LHB 008, LHB 009, LHB 010, and LHB 011.

50.     To the layman's eye, FFR's products may not appear overtly complicated.  But in fact, crafting the high-quality products that FFR is known for is a painstaking and expensive process.

51.     Every individual product must be fine-tuned to establish optimal configurations given the product's intended use, and must take into account weight tolerances, density, flexibility, and chemical make-up, among other things.  FFR has invested and continues to invest substantial human and economic capital in this research and development process.  Even the smallest and seemingly simple label holder may take years to develop.

52.     It would be extremely difficult or impossible for a competitor to reverse-engineer all of this confidential information about a particular product simply by inspecting or testing the product itself.  For this same reason, this confidential information has significant commercial value.

53.     The confidential development information on FFR's products is a closely-guarded secret, even within FFR.  For example, and without limitation, FFR engineers with access to this confidential information are required to sign confidentiality agreements with FFR.  The confidential information is also secured with a computer-protected password.  And, the confidential information is never provided to FFR customers.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

12

54.     Beginning in 2004, FFR began utilizing Ningbo as FFR's manufacturer and supplier for certain FFR products, including FFR's label holders, banner hangers, and data strip products.

55.     In the course of and specifically in connection with that relationship, FFR provided Ningbo with FFR's confidential product information, so that Ningbo could create the FFR products at FFR's direction.  Simply put, FFR provided Ningbo with this information because Ningbo needed the information to perform the services FFR requested.

56.     In particular, FFR provided Ningbo with drawings, schematics, and information on density, flexibility, and the chemical make-up of the products.  This and other confidential information showed Ningbo how to manufacture the products FFR requested.

57.     Ningbo was required to and did sign an agreement acknowledging the confidentiality of the information, and agreeing not to use or disclose the information for any purpose other than the performance of Ningbo's duties as a FFR manufacturer.

58.     As shown by the chart attached to this Complaint as Exhibit I, 17 Ningbo products that utilize misappropriated FFR trade secrets are identical to products sold by FFR.  Ningbo's production and marketing of the products listed in the chart demonstrates Ningbo's misappropriation and use of FFR trade secrets.

## COUNT I - PATENT INFRINGEMENT (DESIGN PATENTS)

59.     FFR repeats the allegations of paragraphs 1 through 58 of this Complaint as though alleged herein.

60.     Via assignment, FFR is the true and proper owner of the 918, 592, 366 and 656 Patents.

61.     The 918, 592, 366 and 656 Patents are presumed to be valid pursuant to 35 U.S.C. § 282.  The 918, 592, 366 and 656 Patents are, in fact, valid. The upright sign holder, banner hangers and label holders sold by FFR

MORRIS PETERSON
ATTORNEYS AT LAW
J00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

13

embodying the design in the 918, 592, 366 and 656 Patents have been commercially successful.

62.     FFR has marked its products embodying the claims of the 918, 592, 366 and 656 Patents in accordance with 35 U.S.C. § 287, or Ningbo has received actual notice of FFR's patent rights under those patents.

63.     Ningbo has infringed, and continues to infringe, the 918, 592, 366 and 656 Patents, in violation of 35 U.S.C. § 271, through the marketing and selling of products containing the handle with the ornamental designs embodied in those patents.

64.     Specifically, Ningbo's LHR004, LHX001 and LHB014 products appropriate the features as well as the overall appearance of the FFR products described in the 918, 592, 366 and 656 Patents, and are copies of FFR products.

65.     Accordingly, Ningbo has infringed, and continues to infringe, the 918, 592, 366 and 656 Patents are through its manufacture, importation, marketing and sale of products containing ornamental designs nearly identical to the FFR ornamental design disclosed in those Patents.

66.     Ningbo is selling its LHR004, LHX001 and LHB014 products through its Web site and through catalogs, and intends to market those products at the GlobalShop 2010 Conference in Las Vegas, Nevada, and sell those products to customers nationwide.

67.     Ningbo's infringement of the 918, 592, 366 and 656 Patents is willful, deliberate and intentional, as evidenced by the facts that the ornamental design of the Ningbo LHR004, LHX001 and LHB014 products are virtual copies of FFR ornamental designs.

68.     FFR has been irreparably damaged by the infringing acts of Ningbo, and will continue to be irreparably damaged, unless Ningbo is enjoined from further acts of infringement.

MORRIS PETERSON
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

14

WHEREFORE, FFR asks that the Court:

A.  adjudge and decree that the 918, 592, 366 and 656 Patents are valid and enforceable, and have been infringed by Ningbo;

B.  enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Ningbo from manufacturing, advertising or selling Ningbo's LHR004, LHX001 and LHB014 products, or any other product containing the FFR ornamental designs used in the 918, 592, 366 and 656 Patents;

C.  order that Ningbo deliver for destruction all articles of merchandise, including molds, in its possession or control, or in the possession or control of its agents, which infringe on the 918, 592, 366 and 656 Patents;

D.  order an accounting to assess the damages to FFR arising from Ningbo's willful patent infringement, and that those damages be trebled and awarded to FFR with interest pursuant to 35 U.S.C. §§ 284;

E.  find that this is an exceptional case pursuant to 35 U.S.C. § 285, and accordingly award FFR its reasonable attorneys' fees;

F.  order an award of damages pursuant to 35 U.S.C. § 289;

G.  award such other and further relief as this Court may deem just and proper.

## COUNT II - PATENT INFRINGEMENT (UTILITY PATENTS)

69.  FFR repeats the allegations of paragraphs 1 through 58 of this Complaint as though alleged herein.

70.  Via assignment, FFR is the true and proper owner of the 124 and 603 Patents.

71.  The 124 and 603 Patents are presumed to be valid pursuant to 35 U.S.C. § 282. The 124 and 603 Patents are, in fact, valid.

72.  FFR has marked its products embodying the claims of the 124 and 603 Patents in accordance with 35 U.S.C. § 287, or Ningbo has received actual notice of FFR's patent rights under those patents.

73.  Ningbo has infringed, directly and/or through acts of contributory infringement or inducement, and continues to infringe, one or more

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

15

claims of the 124 and 603 Patents, in violation of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing into the United States products, including Ningbo's LHR004 and LHB011 products, covered by one or more claims of the 124 or 603 Patents. Ningbo is selling its LHR004 and LHB011 products through its Web site and through catalogs, and intends to market those products in this District at the GlobalShop 2010 Conference in Las Vegas, Nevada, and sell those products to customers nationwide.

74.     FFR has been irreparably damaged by Ningbo's infringing acts and will continue to be irreparably damaged unless Ningbo is enjoined from further acts of infringement.

75.     FFR is entitled to recover damages adequate to compensate it for Ningbo's acts of infringement.

76.     On information and belief, Ningbo's infringement has been intentional and willful. This is also an exceptional case within the meaning of 35 U.S.C. § 285.

WHEREFORE, FFR asks that the Court:

A.      adjudge and decree that the 124 and 603 Patents are valid and enforceable, and have been infringed by Ningbo;

B.      enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Ningbo from manufacturing, advertising or selling Ningbo's LHR004 and LHB011 products, or any other product covered by one or more claims of the 124 or 603 Patents;

C.      order that Ningbo deliver for destruction all articles of merchandise, including molds, in its possession or control, or in the possession or control of its agents, which infringe on the 124 and 603 Patents;

D.      order an accounting to assess the damages to FFR arising from Ningbo's willful patent infringement, and that those damages be trebled and awarded to FFR with interest pursuant to 35 U.S.C. §§ 284;

E.      find that this is an exceptional case pursuant to 35 U.S.C. § 285, and accordingly award FFR its reasonable attorneys' fees;

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

16

F.   award such other and further relief as this Court may deem just and proper.

## COUNT III - TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

77.   FFR repeats the allegations of paragraphs 1 through 58 of this Complaint as though alleged herein.

78.   Ningbo has infringed FFR's rights in the Data Strip by using the Data Strip in connection with the sale, offering for sale, distribution, or advertising of goods.

79.   Such use of the Data Strip by Ningbo is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

80.   Ningbo's infringement has been willful and deliberate.  This is an exceptional case.

81.   FFR has been irreparably damaged by Ningbo's infringing acts and will continue to be irreparably damaged unless defendants are enjoined from further acts of infringement.

WHEREFORE, FFR asks that the Court:

A.   grant an injunction pursuant to the powers granted it under 15 USC § 1116, enjoining Ningbo and its sub-licensees, agents, servants, and employees from directly or indirectly using the mark "Data Strip" or any mark, word or name similar to "Data Strip" which is likely to cause confusion or mistake;

B.   that the Court, pursuant to the powers granted it under 15 USC § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Ningbo's possession bearing the mark "Data Strip" and all plates, molds and other means of making the same be delivered and destroyed;

C.   that Ningbo be required to account to FFR for any and all profits derived by Ningbo from the sale of products using the mark "Data Strip" and for all damages sustained by FFR by reason of the acts of infringement complained of;

D.   that the Court award FFR treble the amount of actual damages suffered by them, pursuant to 15 USC § 1117;

E.   for the costs of suit and attorneys' fees FFR incurs in this action; and

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

17

F.    for such other and further relief as the Court deems appropriate.

## COUNT IV - VIOLATION OF NEVADA TRADE SECRETS ACT

82.    FFR repeats the allegations of paragraphs 1 through 58 of this Complaint as though alleged herein.

83.    The product specifications, components, and manufacturing processes conveyed by FFR to Ningbo are trade secrets as defined in by the Nevada Trade Secrets Act, in that they are sufficiently secret to derive economic value from not being generally known to others who can get economic value from their disclosure or use and are the subject of efforts that are reasonable under the circumstances to maintain their secrecy.  NRS 600A.030(4)(a).  The trade secrets have been developed by FFR at great expense and over a long period of time.  The trade secrets are a valuable part of FFR's business and are not known or available to competitors or the public.

84.    Ningbo acquired the FFR trade secrets while it was obligated by contract with FFR to maintain the confidentiality and secrecy.  Ningbo misappropriated FFR's trade secrets by disclosing the information and using the information to manufacture and sell products without FFR's consent, either implied or express, while it knew or should have known that such disclosure and use was in breach of its obligation to keep the information secret.

85.    Ningbo's misappropriation was willful and malicious, and was done with full knowledge of the confidential and proprietary nature of the information.

86.    Pursuant to the Nevada Trade Secrets Act, FFR is entitled to actual losses caused by the defendants' misappropriation and the amount of the Ningbo's unjust enrichment in addition thereto.  NRS 600A.050.  Alternatively, FFR is entitled to a reasonable royalty for Ningbo's misappropriation.  *Id.*

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

18

87.     Because Ningbo's actions were willful and malicious, FFR is entitled to exemplary damages pursuant to the Nevada Trade Secrets Act in an amount up to twice the actual damages and unjust enrichment.  NRS 600A.050.

88.     Because Ningbo's actions were willful and malicious, FFR is entitled to recover its attorneys' fees pursuant to the Nevada Trade Secrets Act. NRS 600A.060.

89.     Absent injunctive relief, FFR will be irreparably injured by the use of its confidential information by a competitor and by the disclosure of such information to the general public.  Despite the damages provisions of the Nevada Trade Secrets Act, FFR has no adequate remedy at law because its actual damages will be difficult to calculate.

WHEREFORE, FFR asks that the Court enter an Order in its favor, and against Ningbo:

A.     enjoining Ningbo from disclosing or using any of the confidential information and trade secrets obtained from FFR in the manufacture or marketing any products, and ordering Ningbo to return all such confidential information and trade secrets to FFR;

B.     for such damages as provided by the Nevada Trade Secrets Act, NRS 600A.050, including the actual loss to FFR and the unjust enrichment to Ningbo for the unauthorized use and disclosure of FFR's trade secrets; or, alternatively, for a reasonable royalty as provided in that section;

C.     for FFR's attorneys' fees as provided for in the Nevada Trade Secrets Act, NRS 600A.060;

D.     for exemplary damages as provided for in the Nevada Trade Secrets Act, NRS 600A.050; and

E.     ordering such other and further relief as this Court deems just and proper.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

19

## COUNT V – COPYRIGHT INFRINGEMENT

90.    FFR repeats the allegations of paragraphs 1 through 58 of this Complaint as though alleged herein.

91.    Ningbo's publication of FFR's photographs without FFR's authorization or consent infringes FFR's copyright in the photographs associated with the following products (identified by FFR product ID numbers) in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*:  1815260001,1815260002, 1514844301, 1516034301, 4407547001, 4401637900, 4401637901, 4401947401, 4401947402.

92.    Ningbo's conduct constitutes the willful infringement of FFR's copyrights in its photographs.

93.    By reason of the foregoing facts, FFR is entitled to injunctive and monetary relief against Ningbo pursuant to 17 U.S.C. §§ 502 through 504.

WHEREFORE, Plaintiff FFR asks that this Court grant the following relief against Defendant Ningbo:

A.    that Ningbo, its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with it, be preliminarily and permanently enjoined and restrained from copying, reproducing, duplicating, disseminating, distributing, maintaining, uploading, or otherwise using any unauthorized diagram, depiction or graphic of FFR's products and component parts which are the subject of this Complaint, and from otherwise infringing FFR's copyrights in said diagrams and graphic depictions;

B.    that Ningbo be ordered to file, within 30 days of the issuance of the injunction and/or order of impoundment, a sworn report setting forth in detail the manner in which it has complied with the injunction and order of impoundment;

C.    that Ningbo be ordered to provide an accounting of all profits derived from copying, using, or marketing unauthorized diagrams and graphic depictions of the FFR products which are the subject of this Complaint;

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

20

D.   that FFR be awarded its actual damages for willful infringement; and

E.   any further relief the Court deems just and proper.

MORRIS PETERSON

By _____

Steve Morris, Bar No. 1543
Rex D. Garner, Bar No. 9401
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

<u>Of counsel</u>
Steven A. Weiss
William B. Berndt
Joseph J. Siprut
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Fl.
Chicago, IL 60606

Attorneys for Plaintiff

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

21

1
2

**VERIFICATION**

3           Under penalty of perjury as provided by the laws of the United States, the

4    undersigned certifies that he has read the foregoing **Verified Complaint**, that he has personal

5    knowledge of the matters set forth therein, and that the statements set forth therein are true and

6    correct, except as to matters therein stated to be on information and belief, and as to such matters

7    the undersigned certifies that he believes the same to be true.

8
9                                                 _____
10                                                Paul A. Mueller
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422